UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LAB CRAFTERS, INC.,

                Plaintiff,                03-4025
                                                  (SJF)(WLW)

    -against-                       **OPINION & ORDER**

FLOW SAFE, INC., ROBERT MORRIS,
EILEEN KLEES, RICHARD KLUMB,
GARY CIRINCIONE, CONFIGURATION
MANAGEMENT CONSULTANTS a/k/a
CMC and "JOHN and JANE DOE 1-10"
said names being fictitious as true names
are unknown,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

Defendants Richard Klumb, Gary Cirincione and Configuration Management Consultants (collectively, the "Moving Defendants") bring this motion to dismiss pursuant to Fed. R. Civ. P. 4(m), seeking dismissal on the ground that service was improper. For the reasons set forth below, the Moving Defendants' motion to dismiss is granted, and the action is dismissed without prejudice as against the Moving Defendants.

II.    Background

Plaintiff ("Lab Crafters" or "Plaintiff") commenced this action in New York State Supreme Court, Suffolk County, against defendant Flow Safe, Inc. ("Flow Safe") on June 10, 2003 seeking damages and a permanent injunction for Flow Safe's alleged breach of a contract governing the manufacture and sale of bi-stable vortex fume hoods. The action was removed to

federal court on August 18, 2003. Pursuant to a stipulation, Plaintiff filed an amended complaint on March 11, 2004 (the "Amended Complaint"), in which it modified the complaint as to Flow Safe and asserted claims for the first time against a number of additional defendants, including the Moving Defendants.[1] It attempted to serve the Moving Defendants on March 24, 2004.

The Moving Defendants assert that they were not properly served because the March 24, 2004 service was served at the wrong address and upon an individual not affiliated with or known to any of the Moving Defendants. Plaintiff claims that the March 24, 2004 service (the "March Service") was proper and, in any event, that any defect was cured by its subsequent service on September 9, 2004 (the "September Service").

III. Analysis

Fed. R. Civ. P. 4(m) states in relevant part that

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this rule a summons and complaint must be served upon a defendant no later than 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m); see also Henderson v. United States, 517 U.S. 654, 663 (1996). The Amended Complaint was filed on March 11, 2004. (Am. Cmplt; Cert. of Robert J. Basil ¶ 3). Pursuant to Fed. R. Civ. P. 6(a), the last date on which service could be properly made was July 19, 2004.

The Federal Rules of Civil Procedure place the responsibility for proper service of a

---

[1]Plaintiff also added defendants Robert Morris, Eileen Klees and fictitious defendants.

2

summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff. Fed. R. Civ. P. 4(c)(1); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999). Absent such a showing, the Court has discretion to either dismiss the action without prejudice, or extend the deadline for service "for an appropriate period." Fed. R. Civ. P. 4(m); see also Advisory Committee Notes to Fed. R. Civ. P. 4(m); Eastern Refractories Co., Inc. v. Forth Eight Insulations, Inc., 187 F.R.D 503, 506 (S.D.N.Y. 1999).

Under Fed. R. Civ. P. 4(e), there are three methods by which proper service can be effected: (1) pursuant to the law of the state in which the district court is located, in this instance New York, Fed. R. Civ. P. 4(e)(1); (2) pursuant to the law in which service is effected, in this instance New Jersey, id.; or (3) by

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). The process server, Alfonso Biscardi, delivered a copy of the summons and Amended Complaint to an individual identified as Joe Helberg at 16 Watchung Avenue in Chatham, New Jersey. (Aff. in Opp., Ex. A). According to the Moving Defendants, however, 16 Watchung Avenue houses an automotive repair facility with which they are not in any way affiliated. (Cert. of Richard Klumb at ¶ 6). The Moving Defendants further claim that they do not know any individual named Joe Helberg, and "no person fitting [his] description is connected in any way to CMC." (Id. at ¶ 5). Finally, the Moving Defendants state that "[t]he first that

anyone at CMC received a copy of any court papers related to this case was in September 2004." (Id.)[2] Plaintiff does not refute these claims. Thus, the March Service was clearly defective under New York law, New Jersey law, and Fed. R. Civ. P. 4(e)(2), and therefore improper under Fed R. Civ. P. 4. See CPLR 308 and 311; N.J. Court Rules, 1969 R. 4:4-4(a)(1) (2005); and Fed. R. Civ. P. 4(e)(2).

Nonetheless and notwithstanding the impropriety of the March Service, Plaintiff can avoid dismissal if it can demonstrate good cause for its failure to effect proper service. Fed. R. Civ. P. 4(m); see also Blessinger v. United States, 174 F.R.D. 29, 30 (E.D.N.Y. 1997); Myers v. The Sec'y of the Dep't of the Treasury, 173 F.R.D. 44, 46 (E.D.N.Y. 1997). Two factors are considered to determine whether good cause exists: (1) the reasonableness and diligence of Plaintiff's efforts to serve, and (2) the prejudice to the Moving Defendants from the delay. Blessinger, 174 F.R.D. at 31. To satisfy the first prong, Plaintiff must show more than mere attorney "inadvertence, neglect, or mistake." Myers, 173 F.R.D. at 47; see also Eastern Refractories Co., Inc., 187 F.R.D at 505 ("[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause") (quotations and citations omitted). Similarly, reliance upon a third party or process server to effect service is insufficient to merit a finding of good cause or an extension of time for service. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307 (3d Cir. 1995). As the Petrucelli court explained, "the lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Id. at 1307 (citations and quotations omitted); see also Myers, 173

---

[2]The September Service, which was effected almost two months after the 120 day period had expired, was clearly in violation of Rule 4(m) and consequently does not merit an extended analysis.

4

F.R.D. at 46 ("'Good cause' is generally found only in 'exceptional circumstances' where the plaintiff's failure to make timely service was the result of circumstances beyond his control.")

Plaintiff has failed to demonstrate that it properly served the Moving Defendants, and, notwithstanding the Moving Defendants' failure to show prejudice from the delay, there has been no demonstration of good cause. Indeed, other than a conclusory statement that service was proper, Plaintiff has not refuted the Moving Defendants' claim and has not offered any explanation for its alleged failure to effect proper service.

IV. Conclusion

For the reasons described above, Moving Defendants' motion to dismiss Plaintiff's Amended Complaint without prejudice as against them is GRANTED, and Plaintiff's cross-motion to extend time is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 5, 2005
Central Islip, New York